UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                        No. 00-4225

JERRY B. GIVENS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-99-95)

Submitted: December 21, 2000

Decided: January 9, 2001

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Jeffrey L. Everhart, RICE & EVERHART, Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, John S. Davis, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jerry B. Givens appeals his criminal conviction for money launder-ing in violation of 18 U.S.C. § 1956(a) (1994). We affirm.

Givens raises two issues on appeal. First he contends that there was insufficient evidence to support his money laundering conviction. To sustain a conviction, the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a rea-sonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In making this assessment, the government is entitled to all reasonable inferences from the facts established to those sought to be established. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). Our review of the record in light of this standard leads us to conclude that Givens' conviction was supported by substantial evidence.

Givens next contends that the district court erred in denying his motion for a new trial based upon his assertion that the Government committed a *Brady* violation. A defendant must prove three elements to establish a due process violation under *Brady v. Maryland*, 373 U.S. 83 (1963): (1) the prosecution withheld or suppressed evidence; (2) the evidence is favorable; and (3) the evidence is material to the defense. *Moore v. Illinois*, 408 U.S. 786, 794-95 (1972). Evidence is material when there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *United States v. Bagley*, 473 U.S. 667, 682 (1985). Our review of the record leads us to conclude that Givens has not met this standard and that the district court there-fore did not err in denying his motion for a new trial on this basis.

Accordingly, we affirm Givens' conviction. We dispense with oral argument because the facts and legal contentions are adequately pre-sented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*